ELECTRONICALLY FILED
2017 Jan 17 AM 9:09
CLERK OF COURT - CIRCUIT

**IN THE CIRCUIT COURT OF SHELBY COUNTY TENNESSEE**
**FOR THE THIRTIETH JUDICIAL DISTRICT**
**AT MEMPHIS**

| | | |
|---|---|---|
| RICKY HUDSON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. CT-000 204-17 |
| | § | |
| 2013 HILLVIEW, LP d/b/a HILLVIEW | § | JURY DEMANDED |
| VILLAGE APARTMENTS, and | § | |
| EUREKA MULTIFAMILY GROUP | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff, Ricky Hudson, by and through his counsels of record, and files his Complaint for Damages against 2013 Hillview, LP d/b/a Hillview Village Apartments, and Eureka Multifamily Group, (collectively "Defendants"), joining them jointly and severally, and show this Honorable Court the following:

I.

## PARTIES

1.     Plaintiff, Ricky Hudson, (hereinafter referred to as "Mr. Hudson") is an adult resident citizen of Memphis, Shelby County, Tennessee and at all material times to the negligent acts herein was a guest at Hillview Village Apartments located at 2051 East Alcy Road, Memphis, Tennessee 38114.  Plaintiff is bringing this action before the Court to recover damages for the personal injuries caused by the acts and/or omissions of one or all of the Defendants named herein. Mr. Hudson was gravely wounded as a result of being shot at the Hillview Village Apartments on

or about April 30, 3016, as a direct result of Defendants' complete failure to take reasonable steps to provide security for the tenants and guests of Hillview Village Apartments.

2.    Defendant, 2013 Hillview, LP d/b/a Hillview Village Apartments, (hereinafter referred to as "Hillview") is a corporation authorized to do business in Memphis, Shelby County, Tennessee, whose principal address is 3001 Knox Street, Suite 400, Dallas, TX 75205, and may be served process through its registered agent, C T Corporation System at 800 South Gay Street, Suite 2021, Knoxville, Tennessee 37929. Upon information and belief, Hillview, at all material times, owned, controlled, and was responsible for the day-to-day operations of the complex at all times relevant to this action. Defendant Hillview, along with other named Defendants, was responsible for providing security in and near the apartment complex, including parking lots, stairways and areas surrounding each apartment unit, for its tenants and guests, including Mr. Hudson at the time of this incident. Hillview Village Apartments is located at 2051 East Aley Road, Memphis, Tennessee 38114.

3.    Defendant Eureka Multifamily Group (hereinafter referred to as Eureka) is a for profit corporation authorized to do business in Memphis, Shelby County, Tennessee, whose principal office is located at 920 South Main Street, Suite 200, Grapevine, Texas 76051. Upon information and belief, Defendant Eureka Multifamily Group at all material times, served as property management to Hillview Village Apartments located at 2051 East Aley Road, Memphis Tennessee at all times relevant to this incident and was responsible for the day-to-day operations of the complex at all times relevant to this action. Defendant Eureka, along with other named Defendants, was responsible for providing security in and near the apartment complex, including the parking lot, stairways, and areas surrounding each apartment unit, for its tenants and guests, including Mr. Hudson, at the time of this incident.

2.

## II.

## JURISDICTION AND VENUE

4.     This is a Complaint for personal injuries and damages over which this Court has original jurisdiction pursuant to T.C.A. § 16-10-101.

5.     Venue is proper in this Court pursuant to T.C.A § 20-4-101 in that the events giving rise to the cause of action occurred in Shelby County, Tennessee.

## III.

## FACTS

6.     On or about April 30, 2016 Plaintiff was an invited guest of a resident of Hillview Village Apartments when he was shot in the stomach.

7.     Upon information and belief, the unknown individual or individuals attempted to rob Plaintiff.

8.     Due to the lack of security at the Complex, the unknown individual who shot Mr. Hudson was able to perpetrate the heinous act without any impediment and was even able to leave the Complex without being caught.

9.     As a direct result of this incident, Plaintiff was transported to The Regional One Medical Center in critical condition where he had to undergo multiple surgeries to stay alive.

10.     Upon information and belief, Defendants Hillview and Eureka managed, controlled, and operated Hillview Village Apartments and were responsible for the actions, policies, practices, and customs of Hillview Village Apartments.

11.     Plaintiff was legally on the premises of the complex on April 30, 2016. Upon information and belief, there were no security guards and/or patrols at the time of the incident alleged herein.

3

**IV.**

12.     Prior to April 30, 2016, the date Plaintiff was shot, there had been numerous acts of violence aimed against other tenants, residents, and guests of the Hillview Village Apartment complex, including beatings, shootings, and other such violent acts. In fact, there had been much violent gang activity including attempted murder and several juveniles shot by gang members as far back as 2014 resulting, in litigation against Defendants, based on security neglect. Further the current crime analysis of the Memphis Police Department Defendant reports numerous scene calls regarding criminal acts of violence on the premises and police calls for criminal activity within a half mile radius within the past five years.

## CAUSE OF ACTION

Paragraphs 1 through 12 of Plaintiff's Complaint are hereby alleged and incorporated as though fully set forth herein.

13.     At all times pertinent hereto, Defendants knew or should have known of the nature and extent of criminal activity occurring on and in the immediate vicinity of Hillview Village Apartments.

14.     Said criminal activity was negligently permitted to exist and remain at said premises.

15.     At all times pertinent hereto, Defendants knew or should have known, based on complaints, incident reports, proprietary information as well as public crime reports, the nature and extent of violent criminal incidents occurring on or in the immediate vicinity of Hillview Village Apartments, that failure to take action against crime would expose tenants and guests to danger.

16.     Defendants knew of, or with the exercise of due care for the safety of its tenants

4

and guests, should have known of the dangerous conditions existing on the premises and that their failure to maintain, inspect, secure, patrol, and manage the premises were likely to result in the injuries suffered by Plaintiff.

17. Defendants breached their lawful duty of care and failed to provide adequate and reasonable security for their tenants and guests which resulted in the shooting and injuries suffered by Mr. Hudson.

18. Defendants failed to take actions that include, but are not limited to: evicting tenants, residents, and guests who prey on other tenants and who use and sell drugs; keeping intruders who engage in unlawful conduct out of Hillview Village Apartments; installing barriers or other forms of security to limit the access of intruders who engage in unlawful activity at Hillview Village Apartments; transferring tenants and residents whose security is at risk by being placed in units in close proximity to individuals known to be engaged in unlawful activity; warning prospective tenants, residents, and guests of prospective dangers and taking measures to limit said dangers; and other appropriate measures to protect tenants and guests.

19. Defendants knew, or in the exercise of reasonable care, should have known, based on complaints from incidents that had occurred prior to the shooting of Plaintiff and the violent acts that had been reported by tenants at Hillview Village Apartments, that their failure to take action would expose tenants and guests to danger.

20. Based on the nature, quantity, and occurrence of crimes on and around the immediate vicinity of Hillview Village Apartments, the knowledge and experience of Defendants, their economic resources and sophistication as owner, operator, and manager of apartment complexes, and the foreseeability and gravity of harm to its tenants and guests, Defendants' conduct, acts, and omissions were a reckless disregard for the safety of tenants and guests.

5

21.    Defendants negligently failed to maintain a policy, procedure, or system of investigating, reporting, and warning of the aforementioned criminal activity.

22.    Defendants failed to take appropriate action to remedy or reduce the danger to their tenants and guests, including Plaintiff, and allowed the dangerous environment on the subject property to continue to exist unabated, thereby creating a nuisance.

23.    Defendants, at all material times, were responsible for the actions, policies, practices, and customs of Hillview Village Apartments and its employees and/or agents.

24.    Defendants were negligent in their failure to train its employees, agents, and/or servants on how to identify, prevent, and respond to criminal activity inside Hillview Village Apartments.

25.    On April 30, 2016, the date Plaintiff was shot, Defendants had knowledge of numerous recent acts of violence aimed against other tenants, residents, and guests at Hillview Village Apartments to include burglaries, assaults, robberies, shootings, and other such violent acts. Therefore, Defendants breached their duties of care to the Plaintiff by failing to implement safety measures against the serious foreseeable personal injuries and damages he sustained.

26.    Based on the foregoing, said dangerous conditions rendered the shooting of Plaintiff foreseeable. Notwithstanding, the Defendants did absolutely nothing to secure the Plaintiff from the foreseeable criminal assault perpetrated on him.

27.    Defendants' acts and omissions were the direct and proximate cause of the permanent injuries suffered by Plaintiff.

## V.

## DAMAGES

28.    As a direct and proximate result of the negligent and reckless actions of

6

Defendants,   Plaintiff seeks monetary damages from Defendants for the injuries sustained by Plaintiff as a result of the shooting, including, but not limited to:

    a.  All medical expenses past, present, and future;

    b.  Conscious pain and suffering from physical injuries, emotional distress, temporary and permanent physical impairment and limitations, mental anguish, disfigurement, if any, and hedonic damages, loss of enjoyment of the normal pleasures of life, past, present, and future;

    c.  All damages arising from the physical and emotional injuries to the person of Plaintiff;

    d.  Mental and emotional distress, including shock, fear, anger, anxiety, depression, humiliation, isolation, distress and post traumatic stress;

    e.  Loss of income and income earning capacity; and

    f.  Any other damage to be proven at trial.

29.    Plaintiff is also entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants and its agents and employees showed an entire want of care,  which would raise the presumption of a conscious indifference to consequences.

**WHEREFORE**, Plaintiff requests judgment against Defendant as follows:

1.    One Million Dollars ($10,000,000) in compensatory damages;

2.    One Million Dollars ($10,000,000) as exemplary and punitive damages;

3.    Costs of suit; and

4.    Any other and further relief as the court deems just and proper.

**PLAINTIFFS DEMAND A JURY TRIAL.**

Respectfully submitted,

THE WALTER BAILEY LAW FIRM

*Walter Bailey, Jr.*

WALTER LEE BAILEY, JR. #4868
wblegal@aol.com
JANIKA N. WHITE #28355
jwhite@walterbaileylaw.com
Attorneys for Plaintiff
22 North Front Street, Suite 1060
Memphis, Tennessee 38103
(901) 575-8702
Fax: (901) 575-8705

8